# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | GARY FEINERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4174 | **DATE** | 10/15/2010 |
| **CASE TITLE** | Vashaun Williams (#2008-0017916) v. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's "Verified Complaint Second Amended Complaint" [#21] is stricken. The clerk is directed to mail the plaintiff an amended complaint form, instructions, and another copy of the court's filing instructions along with a copy of this order.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that the defendant jail officials violated his constitutional right to due process by placing him in disciplinary segregation on two occasions without charging him with an infraction or affording him a hearing.

Plaintiff recently filed a "Verified Complaint Second Amended Complaint." The pleading is stricken, as it suffers from several pleading defects. First, Plaintiff failed to use the court's required amended civil rights complaint form, as required by Local Rule 81.1 (N.D. Ill.). Second, Plaintiff failed to sign the amended complaint, as required by Fed. R. Civ. P. 11(a). Third, the amended complaint contains claims unrelated to the original complaint. In *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the Seventh Circuit admonished the district court for allowing a prisoner plaintiff to bring misjoined claims in a single lawsuit. The only issue in this case is whether Plaintiff was wrongfully disciplined by being placed in segregation. Plaintiff must file separate lawsuits if he wishes (1) to challenge tier lockdowns or (2) to sue over the differential treatment of psychiatric unit patients housed in different units. Fourth, the Plaintiff is urged not to attempt to write like a lawyer. A complaint does not need to contain citations to cases or authorities, and "legalese" will only muddy what the plaintiff is attempting to say. All pleadings and motions should be written in plain English to make them understandable. **(CONTINUED)**

mjm

**STATEMENT (continued)**

As a final concern, Plaintiff is once again reminded of basic filing requirements: he must (1) provide the court with the original plus a judge's copy of every document filed, and (2) include a certificate of service with every court filing showing that a copy was mailed to opposing counsel. The clerk is directed to mail Plaintiff another copy of the court's filing instructions. In the future, the court may strike any document filed that fails to comport with these basic filing rules.