UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VASHAUN WILLIAMS, | ) |
| Plaintiff, | ) |
| | ) 10 C 4174 |
| vs. | ) |
| | ) Judge Feinerman |
| TOM DART, MARILYN MARTINEZ, and STANLEY JANIS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vashaun Williams brought this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that the defendant jail officials violated his due process rights by placing him on lockdown without charging him with an infraction or affording him a hearing. The court permitted Williams to proceed *in forma pauperis*. Doc. 4 (Darrah, J.). Defendants have moved to dismiss Williams' third amended complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The motion is granted, and the case is dismissed with prejudice.

The well-pleaded facts alleged in the third amended complaint are assumed true on a Rule 12(b)(6) motion. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). Williams at all relevant times was a pretrial detainee in the Cook County Department of Corrections. In October 2009 and again in April 2010, he was placed on lockdown for seven days. During each lockdown, Williams was denied access to recreation, the barber shop, the law library, the day room, the telephone, and visitors. Doc. 34 at 3. In his brief opposing dismissal, Williams adds that he "missed treatment and counseling for two weeks and also was den[ied] the right to see his Psychiatrist, and Psychologist via Psyc Evaluation." Doc. 36 at 4. Williams

-1-

never was charged with a disciplinary violation, and nor was he afforded a hearing or any other process either before or after the lockdowns. He seeks damages and the costs incurred in pursuing this suit.

Williams has no viable due process claim because "the disciplinary measures to which he was subjected did not deprive him of liberty within the meaning of the due process clause." *Miller v. Dobier*, 634 F.3d 412, 414 (7th Cir. 2011). A lawfully confined person's liberty interests are implicated only if he is subjected to an "atypical and significant hardship … in relation to the ordinary incidents of [custodial] life." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995); *see also Wilson-El v. Finnan*, 544 F.3d 762, 764 (7th Cir. 2008). Under *Sandin*, "[d]isciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person" do not deprive the confined person of liberty and thus "are not actionable under the due process clause." *Miller*, 634 F.3d at 414-15 (citing *Sandin*, 515 U.S. at 485-86). The Seventh Circuit has made clear that *Sandin* applies with full force to pretrial detainees. *See id*. at 415.

Being subjected to two seven-day lockdowns over a six-month period did not impose upon Williams an atypical and significant hardship in relation to the ordinary incidents of custodial life. This is so for each of the privations he cites. With respect to the denial of recreation, the Seventh Circuit has held that "lack of exercise may rise to a constitutional violation [only] in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) (citations omitted). An inmate on lockdown can exercise in his cell; Williams merely was deprived of "recreation" for seven days, which is not a deprivation of liberty under the Due Process Clause. *See McGee v. Monahan*, 2008 WL 3849917, at *12 (N.D. Ill. Aug. 14, 2008)

("There is a significant difference between a lack of outdoor recreation and an inability to exercise. The plaintiff was perfectly capable of improvising some kind of an exercise regimen in his room or living unit while on lockdown."); *Norman v. State of Ill.*, 2007 WL 3037234, at *3 (N.D. Ill. Oct. 17, 2007).

The same holds for the deprivation of access to the law library. "A prisoner states an access-to-courts claim when he alleges that … his denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). An inmate's right of access to the courts is generally satisfied if he is represented by counsel, *see Walters v. Edgar*, 163 F.3d 430, 436 (7th Cir. 1999); *Martin v. Tyson*, 845 F.2d 1451, 1456 (7th Cir. 1988), as a criminal defendant represented by defense counsel does not have the right to file *pro se* submissions, *see United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007); *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998). It follows that two one-week denials of access to the law library could not have caused a potentially meritorious claim of Williams' to fail and thus did not impose an atypical and significant hardship on him. *See Rodgers v. Johnson*, 56 Fed. Appx. 633, 636 (6th Cir. 2002) ("no direct access to the law library … does not constitute an atypical and significant hardship").

The same also holds for the week-long deprivations of mental health services. Due process prohibits deliberate indifference to a pretrial detainee's serious medical needs. *See Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008). The Seventh Circuit has held that "the need for a mental illness to be treated could certainly be considered a serious medical need." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). Here, however, Williams has neither pleaded nor suggested that his mental health situation was so serious that going one week

without seeing a mental health professional caused any significant injury. Most people, whether in custody or free, do not enjoy the luxury of seeing a therapist more than once a week.

Finally, the short-term denials of barber services, access to the day room, telephone privileges, and visitors do not rise to a matter of constitutional magnitude. *See Rodgers*, 56 Fed. Appx. at 636 ("restricted use of the telephone" and "no participation in group activities" are not atypical and significant deprivations); *Howell v. O'Malley*, 2011 WL 3563159, at *4 (D. Mass. Aug. 12, 2011) (same for "ten days of disciplinary detention, seventy days of loss of canteen and thirty days with no telephone privileges");

Because the seven-day lockdowns did not impose significant and atypical hardships on Williams, they did not implicate his liberty interests and thus cannot predicate a due process claim. The third amended complaint accordingly is dismissed for failure to state a claim. The dismissal is with prejudice for two separate reasons. First, it is difficult to see how Williams could cure the legal deficiencies in his third amended complaint by amending yet again. *See Lekas v. Briley*, 405 F.3d 602, 610 (7th Cir. 2005) ("Suffice it to say, when the entire sanction is confinement in disciplinary segregation for a period that does not exceed the remaining term of the prisoner's incarceration, it is difficult to see how after *Sandin* it can be made the basis of a suit complaining about a deprivation of liberty.") (internal quotation marks omitted). Second, in opposing dismissal, Williams did not seek the opportunity to file a fourth amended complaint in the event the court found deficient his third amended complaint. *See James Cape & Sons Co. v. PCC Constr. Co.*, 453 F.3d 396, 400-01 (7th Cir. 2006) (rejecting argument that the district court erred in dismissing complaint with prejudice, rather than without prejudice and with leave to amend, where plaintiff did not request leave to amend).

This dismissal counts as one of Williams' three "strikes" under 28 U.S.C. § 1915(g). Williams is cautioned that if, while "incarcerated or detained in any facility," he files on three occasions "an action or appeal in a court of the United States that [i]s dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted," he thereafter may not file suit in federal court without prepaying the filing fee (which now stands at $350.00) unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). If Williams wishes to appeal this dismissal, he must file a notice of appeal in this court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues that Williams plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Williams does choose to appeal, he will be liable for the $455.00 appellate filing fee regardless of the appeal's outcome. *See* 28 U.S.C. § 1915(b)(1)-(2). Further, if the Seventh Circuit denies appellate relief on one of the grounds listed in § 1915(g), Williams may accumulate another "strike" for purposes of § 1915(g). *See Chavis v. Chappius*, 618 F.3d 162, 167-69 (2d Cir. 2010); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

September 22, 2011

_____
United States District Judge